IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**CHARLES MEREDITH, JR.,**

      Plaintiff,

v.

**UNIFUND CCR PARTNERS,**

**CENTURION CAPITAL CORPORATION,**

**ZARZAUR & SCHWARTZ, P.C.**

and

**SANDRA SIMPSON,**

      **Defendants.**

Civil Action No.

2:08cv375-WC

**DEMAND FOR JURY TRIAL**

# COMPLAINT

This action is being brought against the defendants, who are all engaged in the business of collecting debts, because of their repeated efforts to collect a debt from the plaintiff which he does not owe. Although the plaintiff advised the defendants that he disputed this debt, they continued to send him dunning letters, and they filed two separate lawsuits against him, one followed by the other. The first lawsuit was dismissed with prejudice because the defendants had no evidence to show that the debt was owed. The second lawsuit, which was filed to collect the same debt, was filed just weeks later. Ultimately, the second lawsuit was also dismissed with prejudice.

These actions of the defendants violated numerous provisions of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. In addition, filing and prosecuting

these lawsuits constituted malicious prosecution under the common law of the State of Alabama.

The plaintiff seeks his actual and statutory damages under the FDCPA, plus his costs and attorney's fees in this action. For his claims for malicious prosecution, the plaintiff seeks appropriate compensatory and punitive damages.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's state law claims for malicious prosecution. 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

## Parties

4. The plaintiff, Charles Meredith, Jr., is an adult resident of the City of Montgomery, Alabama.

5. Defendant Unifund CCR Partners (hereafter "Unifund") is a general partnership registered to do business under the laws of the State of Ohio. Unifund's principal place of business is located in Cincinnati, Ohio. Among other things, Unifund is engaged in the business of buying, selling and collecting unpaid debts.

6. Defendant Centurion Capital Corporation (hereafter "Centurion") is a Maryland corporation whose principal office is located in Rockville, Maryland. Among other things, Centurion is engaged in the business of buying, selling and collecting unpaid debts.

7. Defendant Zarzaur & Schwartz, P.C. is a professional corporation which is incorporated under the laws of the State of Alabama and which has its principal place of business in Birmingham, Alabama. Zarzaur & Schwartz is a law firm which specializes in representing creditors and in collecting unpaid debts.

8. Defendant Sandra Simpson is an attorney licensed to practice in the State of Alabama. At all times relevant to this action, Ms. Simpson was employed by defendant Zarzaur & Schwartz.

## Statement of Facts

9. In early 2007, the plaintiff, Charles Meredith, Jr., received letters from defendant Centurion and from defendant Zarzaur & Schwartz, advising him that they sought to collect a debt which was he was alleged to owe, based on a credit card alleged to have been issued to him by Household Bank. (This debt will be referred to in this Complaint as "the Household credit card debt.")

10. Mr. Meredith also received a telephone call from a person about this debt who, on information and belief, was employed by either Centurion or Zarzaur & Schwartz.

11. During the course of his conversation with the person referred to in the previous paragraph, Mr. Meredith advised her that he had no knowledge of the debt she was referring to. He advised her that he had once had a credit card issued by Household Bank, but that it had been at least 10 years since he had that card. He told her that he did not believe he owed them any money. In reply, the person he spoke with said she would "look into it."

12. Mr. Meredith does not owe the Household credit card debt, and he has no legal responsibility to pay that alleged debt.

13. No one got back in touch with Mr. Meredith to report to him on the results of any investigation into his dispute of this debt.

14. Instead, on May 21, 2007, defendant Sandra Simpson, acting on behalf of Centurion, filed a lawsuit against Mr. Meredith in the Montgomery County Small Claims Court (Case No. SM-07-2075) for the purpose of collecting the Household credit card debt. (This is referred to hereafter as "the Centurion lawsuit.") The complaint sought a judgment against Mr. Meredith in the amount of $1,265.48.

15. In their actions seeking to collect the Household credit card debt from Mr. Meredith, Zarzaur & Schwartz and Ms. Simpson acted as attorneys representing Centurion.

16. With the Complaint in the Centurion lawsuit, Ms. Simpson filed an Affidavit purporting to be from a "representative" of Centurion, which stated that it was a fact that Mr. Meredith was responsible for and owed the Household credit card debt.

17. The Affidavit filed with the Complaint in support of Centurion's claim was inaccurate and misleading in numerous ways.

18. The Affidavit filed with the Complaint did not contain admissible evidence in support of Centurion's claim.

19. Mr. Meredith, acting pro se, filed a response to the Centurion lawsuit generally denying all liability and asserting various other defenses. Mr. Meredith also filed a motion asking the judge for permission to conduct discovery in this matter.

20. On August 20, 2007, Ms. Simpson, acting on behalf of Centurion, filed a motion to dismiss the Centurion lawsuit, without prejudice. Ms. Simpson's motion did not cite any basis for this motion.

21. Mr. Meredith agreed that the Centurion lawsuit should be dismissed, but he filed an

4

objection in which he asked the Small Claims Court to dismiss the case "with prejudice", not "without prejudice."

22. On September 18, 2007, the Centurion lawsuit was called for trial before the Honorable Lynn C. Bright.

23. Mr. Meredith appeared at the trial on September 18, 2007. Also present, acting for Centurion was, on information and belief, Ms. Simpson.

24. At the hearing, Judge Bright asked the attorney representing Centurion what evidence she had to prove that Mr. Meredith owed the debt which was the subject of that lawsuit.

25. In response to Judge Bright's question, the attorney representing Centurion did not offer any evidence to support Centurion's claims.

26. On September 18, 2007, after the hearing, Judge Bright entered an order dismissing the Centurion lawsuit "with prejudice."

27. On or about August 30, 2007, defendant Unifund sent Mr. Meredith a dunning letter, advising him that Unifund intended to collect the Household credit card debt from him. In this letter, Unifund claimed that Mr. Meredith owed $1,619.74 on this debt.

28. On or about October 31, 2007, a letter was sent to Mr. Meredith from defendant Zarzaur & Schwartz advising him that it was now attempting to collect the Household credit card debt on behalf of Unifund. No individual signed this letter. The amount claimed as due in this letter was $1,628.00.

29. On December 3, 2007, Ms. Simpson, this time acting on behalf of Unifund, filed a second lawsuit against Mr. Meredith in the Montgomery County Small Claims Court (Case No. SM-07-4595) for the purpose of collecting the same Household credit card debt which had been the subject of the Centurion lawsuit. (This second lawsuit is referred to hereafter as "the

Unifund lawsuit.") The complaint sought a judgment against Mr. Meredith in the amount of $1,628.00.

30. On or about December 5, 2007, a letter was sent to Mr. Meredith from Zarzaur & Schwartz which stated, among other things, that it a concerned "a LAWSUIT that will be filed against you" in the Small Claims Court of Montgomery County.

31. At the time the December 5, 2007 letter was sent to Mr. Meredith, Ms. Simpson had already filed the lawsuit referred to in that letter.

32. The part of the December 5, 2007 letter which advised Mr. Meredith that a lawsuit "will be filed against you" was not accurate, in that the lawsuit had already been filed.

33. As he had done with the Centurion lawsuit, Mr. Meredith filed an Answer with the court denying that he owed the debt claimed and asserting various affirmative defenses. He included as an addition affirmative defense the defense of res judicata.

34. On or about December 18, 2007, Ms. Simpson sent Mr. Meredith a letter about this matter seeking to collect the Household credit card debt. She invited him to discuss this matter with her in order to "reach a resolution" so that he could "avoid going to court." In this letter, the amount of the debt claimed to be owed is stated as $1,752.38.

35. The December 18, 2007 letter from Ms. Simpson to Mr. Meredith stated: "For your further information, this matter originated with Household Bank. Upon default, the account was sold to my client, Unifund CCR Partners."

36. On information and belief, Household Bank did not sell the Household credit card debt to Unifund.

37. On information and belief, the statement in Ms. Simpson's December 18, 2007 letter that "Upon default, the account was sold to my client, Unifund CCR Partners" was not a correct

statement.

38. On March 25, 2008, Terry P. Heilman, an attorney acting for Mr. Meredith, telephoned Ms. Simpson and discussed this matter with her. Mr. Heilman advised Ms. Simpson that the Unifund lawsuit concerned a claim which had been previously litigated in the Centurion lawsuit, and that the claim in the Unifund lawsuit was barred by res judicata, among other things.

39. During the conversation with Mr. Heilman on March 25, 2008, Ms. Simpson agreed to have the Unifund lawsuit dismissed with prejudice.

40. Ms. Simpson subsequently filed a motion asking the Small Claims Court of Montgomery County to dismiss the Unifund lawsuit with prejudice.

41. On April 9, 2008, the Honorable Pamela R. Higgins, Judge of the Montgomery County Small Claims Court, entered an order dismissing the Unifund lawsuit with prejudice.

42. As a result of the actions of the defendants, as described above, Mr. Meredith has suffered significant emotional distress, anger, frustration, humiliation, depression and feelings of hopelessness and powerlessness as he struggled over the course of a year and more to avoid being held responsible for a debt he did not owe.

### First Cause of Action:
### FDCPA Claims Arising Out of the Centurion Lawsuit

All of the allegations of fact set forth above are repeated and incorporated in this statement of the plaintiff's First Cause of Action as if fully set forth here. The First Cause of Action asserts claims against defendants Centurion, Zarzaur & Schwartz and Sandra Simpson.

43. In its actions relating to the collection of the Household credit card debt, as described above, defendant Centurion was a "debt collector" as that term is defined in the FDCPA. 15 U.S.C. §1692a(6).

44. In its actions relating to the collection of the Household credit card debt on behalf of defendant Centurion, as described above, defendant Zarzaur & Schwartz was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

45. In her actions relating to the collection of the Household credit card debt on behalf of Centurion, as described above, defendant Sandra Simpson was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

46. With regard to the events described in this Complaint, the plaintiff, Charles Meredith, Jr., was a "consumer" within the meaning of the FDCPA. 15 U.S.C. §1692a(3).

47. In their efforts to collect the Household credit card debt from Mr. Meredith, as described in this Complaint, defendants Centurion, Zarzaur & Schwartz and Sandra Simpson violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) Filing a lawsuit claiming that money was owed when it was not owed and when there was no reasonable basis to believe it was owed. §1692e(2)(a); §1692e(10); §1692f.

(b) Filing a lawsuit seeking to collect a debt which, if it was ever owed, was past the statute of limitations. §1692e(2)(a); §1692e(10); §1692f; *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D.Ala.1987).

(c) Using an affidavit with false statements for the purpose of collecting a debt. §1692e(2)(a); §1692e(10); §1692f.

(d) Misrepresenting the amount owed. §1692e(2)(a); §1692e(10); §1692f. And

(e) Making false, deceptive or misleading representations in connection with the collection of a debt. §1692e.

It is possible that these defendants committed other acts in violation of the FDCPA, and the

8

plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

48. Because of their actions in violation of the FDCPA, as described above, defendants Centurion, Zarzaur & Schwartz and Sandra Simpson are liable to the plaintiff, Charles Meredith, Jr., for his actual damages, for statutory damages of $1,000 each, and for his costs and attorney's fees in connection with this action.

## Second Cause of Action:
## FDCPA Claims Arising Out of the Unifund Lawsuit

All of the allegations of fact set forth above are repeated and incorporated in this statement of the plaintiff's Second Cause of Action as if fully set forth here. The Second Cause of Action asserts claims against defendants Unifund, Zarzaur & Schwartz and Sandra Simpson..

49. In its actions relating to the collection of the Household credit card debt, as described above, defendant Unifund was a "debt collector" as that term is defined in the FDCPA. 15 U.S.C. §1692a(6).

50. In its actions relating to the collection of the Household credit card debt on behalf of defendant Unifund, as described above, defendant Zarzaur & Schwartz was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

51. In her actions relating to the collection of the Household credit card debt on behalf of Unifund, as described above, defendant Sandra Simpson was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

52. With regard to the events described in this Complaint, the plaintiff, Charles Meredith, Jr., was a "consumer" within the meaning of the FDCPA. 15 U.S.C. §1692a(3).

53. In their efforts to collect the Household credit card debt from Mr. Meredith, as

described in this Complaint, defendants Unifund, Zarzaur & Schwartz and Sandra Simpson violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) Filing a lawsuit claiming that money was owed when it was not owed and when there was no reasonable basis to believe it was owed. §1692e(2)(a); §1692e(10); §1692f.

(b) Filing a lawsuit seeking to collect a debt which, if it was ever owed, was past the statute of limitations. §1692e(2)(a); §1692e(10); §1692f; *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D.Ala.1987).

(c) Misrepresenting the amount owed. §1692e(2)(a); §1692e(10); §1692f.

(d) Making false, deceptive or misleading representations in connection with the collection of a debt. §1692e. And

(e) Filing a lawsuit to collect a debt knowing that legal action to collect that debt was barred by res judicata. §1692e(5); §1692e(10); §1692f.

It is possible that these defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action..

54. Because of their actions in violation of the FDCPA, as described above, defendants Unifund, Zarzaur & Schwartz and Sandra Simpson are liable to the plaintiff, Charles Meredith, Jr., for his actual damages, for statutory damages of $1,000 each, and for his costs and attorney's fees in connection with this action.

## Third Cause of Action:
## Malicious Prosecution (Centurion lawsuit)

All of the allegations of fact set forth above are repeated and incorporated in this statement of the plaintiff's Third Cause of Action as if fully set forth here. The Third Cause of Action asserts claims against defendants Centurion, Zarzaur & Schwartz and Sandra Simpson.

55. Defendants Centurion, Zarzaur & Schwartz and Sandra Simpson instituted a civil judicial proceeding against the plaintiff, Charles Meredith, Jr., in that they filed a lawsuit against him in the Small Claims Court of Montgomery County, Alabama (Case No. SM-07-2075) for the purpose of collecting the Household credit card debt.

56. In connection with the lawsuit they filed against Mr. Meredith on behalf of Centurion, defendants Centurion, Zarzaur & Schwartz and Sandra Simpson lacked probable cause to believe that Mr. Meredith was liable on this debt and that they could prevail.

57. In filing the lawsuit against Mr. Meredith to collect the Household credit card debt, defendants Centurion, Zarzaur & Schwartz and Sandra Simpson acted with malice.

58. The Centurion lawsuit was terminated in Mr. Meredith's favor when it was dismissed with prejudice by Judge Bright.

59. Mr. Meredith suffered damages as a result of the actions of these defendants in filing and prosecuting the Centurion lawsuit, in that he suffered significant emotional distress, anger, frustration, humiliation, depression and feelings of hopelessness and powerlessness as he struggled to avoid being held responsible for a debt he did not owe.

60. The actions of defendants Centurion, Zarzaur & Schwartz and Sandra Simpson in their efforts to collect the Household credit card debt from Mr. Meredith, as described above, constituted a malicious prosecution of Mr. Meredith.

61. Because of their actions as described in this Third Cause of Action, defendants

Centurion, Zarzaur & Schwartz and Sandra Simpson are liable to Mr. Meredith for his actual damages suffered as a result of their filing and prosecution of the Centurion lawsuit. They are also liable to him for punitive damages, in such amount as may be deemed appropriate by the Court.

### Fourth Cause of Action:
### Malicious Prosecution (Unifund lawsuit)

All of the allegations of fact set forth above are repeated and incorporated in this statement of the plaintiff's Fourth Cause of Action as if fully set forth here. The Fourth Cause of Action asserts claims against defendants Unifund, Zarzaur & Schwartz and Sandra Simpson.

62. Defendants Unifund, Zarzaur & Schwartz and Sandra Simpson instituted a civil judicial proceeding against the plaintiff, Charles Meredith, Jr., in that they filed a lawsuit against him in the Small Claims Court of Montgomery County, Alabama (Case No. SM-07-4595) for the purpose of collecting the Household credit card debt.

63. In connection with the lawsuit they filed against Mr. Meredith on behalf of Unifund, defendants Centurion, Zarzaur & Schwartz and Sandra Simpson lacked probable cause to believe that Mr. Meredith was liable on this debt and that they could prevail.

64. In filing the lawsuit against Mr. Meredith to collect the Household credit card debt, defendants Unifund, Zarzaur & Schwartz and Sandra Simpson acted with malice.

65. The Centurion lawsuit was terminated in Mr. Meredith's favor when it was dismissed with prejudice by Judge Higgins.

66. Mr. Meredith suffered damages as a result of the actions of these defendants in filing and prosecuting the Unifund lawsuit, in that he suffered significant emotional distress, anger, frustration, humiliation, depression and feelings of hopelessness and powerlessness as he

struggled to avoid being held responsible for a debt he did not owe.

67. The actions of defendants Unifund, Zarzaur & Schwartz and Sandra Simpson in their efforts to collect the Household credit card debt from Mr. Meredith, as described above, constituted a malicious prosecution of Mr. Meredith.

68. Because of their actions as described in this Fourth Cause of Action, defendants Unifund, Zarzaur & Schwartz and Sandra Simpson are liable to Mr. Meredith for his actual damages suffered as a result of their filing and prosecution of the Unifund lawsuit. They are also liable to him for punitive damages, in such amount as may be deemed appropriate by the Court.

**Jury Trial Demanded**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

**Prayer for Relief**

WHEREFORE, the plaintiff, Charles Meredith, Jr., by counsel, hereby asks this Court to grant him the following relief:

1. For violations of the FDCPA, as described in the First and Second Causes of Action,

(a) judgment against each of the defendants for his actual damages suffered as a result of their actions, 15 U.S.C. §1692k(a)(1);

(b) judgment against each of the defendants in the amount of $1,000 in statutory damages, 15 U.S.C. §1692k(a)(2)(A); and

(c) his costs and attorney's fees in this action, 15 U.S.C. §1692k(a)(3).

2. For malicious prosecution for filing and prosecution of the Centurion lawsuit, as

13

described in the Third Cause of Action, judgment against defendants Centurion, Zarzaur & Schwartz and Sandra Simpson in an amount sufficient to compensate the plaintiff for his actual damages and in addition for an appropriate amount in punitive damages as determined by the Court.

3. For malicious prosecution for filing and prosecution of the Unifund lawsuit, as described in the Fourth Cause of Action, judgment against defendants Unifund, Zarzaur & Schwartz and Sandra Simpson in an amount sufficient to compensate the plaintiff for his actual damages and in addition for an appropriate amount of punitive damages as determined by the Court.

The plaintiff asks in addition for such other and further relief as to this Court shall seem just and proper.

Respectfully submitted,

CHARLES MEREDITH, JR.
Plaintiff
By Counsel

*/s/ Edward M. Wayland*

Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff