IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES MEREDITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-375-MEF |
| | ) | (WO - Do not publish) |
| UNIFUND CCR PARTNERS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's Motion to Dismiss or in the Alternative, Motion for Change of Venue (Doc. # 9), which Plaintiff has opposed. Alleging violations of the Fair Debt Collection Practices Act (FDCPA), Plaintiff filed his lawsuit in the United States District Court for the Middle District of Alabama. Plaintiff's complaint specifically alleges that venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2). *See* Compl. at ¶ 3. Two of the Defendants have claimed that venue is improper in this district and urged the Court to either dismiss the case or to transfer it to the United States District Court for the Northern District of Alabama, a district where they contend venue is appropriate. Because the Court finds that venue is appropriate in this district, the motion is due to be DENIED.

### BACKGROUND

According to the allegations of the Complaint (Doc. # 1), Defendants are all engaged in the business of collecting debts. Plaintiff alleges that Defendants made repeated efforts

to collect a debt from him that he does not owe and that he had formally disputed. Plaintiff resides in Montgomery, Alabama, a city within the Middle District of Alabama. Two of the Defendants are foreign corporations engaged in the business of buying, selling, and collecting unpaid debts: Centurion Capital Corporation ("Centurion") and Unifund CCR Partners ("Unifund"). The remaining two Defendants are a lawyer, Sandra Simpson ("Simpson"), and her employer, the law firm, Zarzaur & Schwartz, P.C. ("the Z&S firm"), located in Birmingham, Alabama.[1]

Plaintiff alleges that he received letters from Centurion and the Z&S firm, in 2007, seeking to collect a debt which he was alleged to owe. Plaintiff also claims he received a telephone call regarding this alleged debt from either Centurion or the Z&S firm. Plaintiff contends that he disputed the debt. On May 21, 2007, Simpson filed a lawsuit against Plaintiff on behalf of Centurion. This lawsuit was filed in the Montgomery County Small Claims Court, and it sought to collect the debt which Plaintiff was alleged to owe. Along with the Complaint, Simpson filed an affidavit in which she held herself out as a representative of Centurion and represented that Plaintiff was responsible for the debt they were attempting to collect. Plaintiff alleges that the affidavit contained inaccurate and misleading information about him. Plaintiff denied liability and sought discovery. On August 20, 2007, Simpson, acting on behalf of Centurion, moved to dismiss the lawsuit against Plaintiff in the Montgomery County Small Claims Court without prejudice. Plaintiff agreed to the dismissal of the action, but only if it would be with prejudice. The case was

---

[1] Birmingham, Alabama is a city within the Northern District of Alabama.

called for trial. Plaintiff and Simpson were present in the Small Claims Court in Montgomery County. The judge asked what evidence existed proving that Plaintiff owed the debt, and Simpson did not offer any. The judge dismissed the suit with prejudice on September 18, 2007.

On August 30, 2007, Unifund sent Plaintiff a dunning letter advising him that Unifund intended to collect the same debt that Centurion had been pursuing. On October 31, 2007, the Z&S firm sent Plaintiff a letter advising him that it was now attempting to collect this debt on behalf of Unifund. No individual signed this letter. On December 3, 2007, Simpson, this time acting on behalf of Unifund, filed a second lawsuit against Plaintiff in the Montgomery County Small Claims Court, for the purpose of collecting the same debt which had been the subject of the prior action by Simpson on behalf of Centurion. The Z&S firm then sent a letter to Plaintiff threatening to file the lawsuit which had already been filed in Montgomery. Against Plaintiff denied liability and asserted various defenses including *res judicata*. On December 18, 2007, Simpson sent Plaintiff a letter about this matter seeking to collect the debt and inviting him to discuss the matter so that it could be resolved without going to court. In this letter, Simpson indicated she was acting on behalf of Unifund. Plaintiff alleges that this letter contained materially false statements concerning the debt allegedly owed. Plaintiff retained a lawyer who confronted Simpson regarding the *res judicata* bar to the collection action. Thereafter, Simpson filed a motion asking the Small Claims Court of Montgomery County to dismiss the lawsuit with prejudice, which motion was granted. Plaintiff alleges harm arising out of these actions by the Defendants.

**DISCUSSION**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Where, as here, a civil action wherein subject matter jurisdiction is not founded on diversity of citizenship, venue is proper in: a judicial district where any defendant resides if all defendants reside in the same state; a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred" or a substantial part of the property subject of the action is situated; or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

In this case, Simpson and the Z&S firm argue that the alleged violation of the FDCPA occurred in the Northern District of Alabama because they mailed debt demand letters, initiated telephone calls, and drafted and mailed the lawsuit from its offices in Birmingham, which is in the Northern District.  Defendant cites *Jenkins Brick Co. v. Bremer*, which involved a suit by an employer against a former employee for breach of a noncompete clause of an employment contract.  321 F.3d 1366 (11th Cir. 2003).  In *Bremer*, the plaintiff presented the employment contract to the defendant in Georgia, the defendant signed the contract in Georgia, the defendant's worked in Georgia, and defendant's work for the competitor that gave rise to the lawsuit occurred in Georgia.  The Court concluded that the defendant's actions that gave rise to the suit "occurred only in Georgia."

In this case, many of the Defendants' actions that gave rise to Plaintiff's suit occurred

in the Middle District. The Defendants twice sued the Plaintiff in Montgomery County and participated in court hearings there. Defendants cite no federal case to support their position that venue is proper in the Northern District because the mail that gave rise to the Montgomery County lawsuits originated from the Z&S firm's offices in the Northern District. More persuasive than Defendants' arguments are those made by Plaintiff and the cases which Plaintiff cites. Including the federal cases that support the proposition that, in a case that arises from debt collection mail, venue is proper in the district where the debtor resides because the injury did not occur until the mail was received. *See, e.g., Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992); *Bailey v. Clegg, Brush & Assocs., Inc.*, No. 1:90-cv-2702-CAM, 1991 WL 143461 at *2 (N.D. Ga. June 14, 1991); *Murphy v. Allen County Claims & Adjustments*, 550 F. Supp. 128, 130-31 (S.D. Ohio 1982); *Gachette v. Tri-City Adjustment Bureau*, 519 F. Supp. 311, 313-14 (N.D. Ga. 1981). The rationale behind these decisions applies to this case. Plaintiff did not suffer any injury until the mail that initiated the lawsuit was received in Montgomery County. Therefore, a "substantial part of the events" that gave rise to Plaintiff's claims occurred in the Middle District, and thus venue is proper here.

Accordingly, it is hereby ORDERED that Motion to Dismiss or in the Alternative, Motion for Change of Venue (Doc. # 9) is DENIED.

Done this the 29th day of October, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE