IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES MEREDITH, JR., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08cv375-MEF |
| | ) | |
| UNIFUND CCR PARTNERS, *et al.*, | ) | |
| | ) | (WO- Do Not Publish) |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Charles Meredith, Jr. ("Meredith") filed suit on May 20, 2008 against a variety of defendants including Centurion Capital Corporation ("Centurion"). Meredith alleges that the defendants were all engaged in the business of collecting debts and that they made repeated efforts to collect a debt from him which he does not owe even after he advised that he disputed the debt. Meredith alleges that defendants' actions violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692. Additionally, Meredith contends that defendants are liable to him for the Alabama common law tort of malicious prosecution. This cause is before the Court on the Defendant Centurion Capital Corporation's Motion for Dismissal and to Withdraw as Counsel Due to Dissolution (Doc. # 34). For the reasons set forth below, the motion is due to be DENIED.

Centurion's motion is clearly denominated a motion to dismiss. Nevertheless, Centurion's motion is predicated on factual information not found in the Complaint. Indeed, the predicate for the motion is wholly outside the pleadings and dependent upon facts which

came into existence after this lawsuit had been pending for several months and after Centurion answered the Complaint. Appended to Centurion's motion are two exhibits by which Centurion purports to establish certain facts relating to the dissolution of Centurion as a corporation.[1] Based on what is claimed in the documents to be the dissolution of Centurion months Meredith commenced this lawsuit, Centurion argues that under to Maryland law, the claims against it must be dismissed because it no longer exists and cannot be sued. Plaintiff disputes Centurion's understanding of Maryland and argues that it is entitled to discovery on matters relating to the dissolution.[2]

Federal Rule of Civil Procedure 12 sets forth the applicable rules pertaining to motions to dismiss. While Centurion has not bothered to specify which type of motion to dismiss it is making, it is clear that the nature of the contention in the motion to dismiss is that the Complaint fails to state a claim against Centurion upon which relief can be granted now that Centurion has dissolved. That makes this motion a motion brought under Rule 12(b)(6). Federal Rule of Civil Procedure 12(d) makes it plain that a motion made pursuant to Rule 12(b)(6) may not rely on matters outside the pleadings without the Court's active blessing. Fed. R. Civ. P. 12(d). Specifically, when such a motion is made and supported by materials outside the pleadings the court may exclude those materials and consider the merits

---

[1] The Court notes that these documents are not certified records, nor do the exhibits include any affidavit or declaration identifying, authenticating, or in any way vouching for these "exhibits."

[2] The Court notes that Maryland law does govern the legal issue of whether claims in a pending lawsuit against a Maryland corporation abate when the corporation is dissolved.

of the motion without them or accept those materials and treat the motion as a motion for summary judgment. *Id*. Given the procedural posture of this case and the relatively recent factual developments relating to the dissolution of Centurion, the Court is not inclined to accept the materials and treat the motion as one for summary judgment because Plaintiff has not had an adequate opportunity to conduct discovery on matters relating to the dissolution. Accordingly, the Court declines to consider the materials relating to matters outside the pleadings which Centurion has presented along with its motion and finds, in the absence of those materials the motion to dismiss is due to be DENIED.[3]

As for the motion for leave to withdraw as counsel pursuant to the local rules for this district, the Court is not persuaded at this time that counsel has set forth an adequate basis for this request especially in light of the fact that Centurion, as a corporation, cannot appear *pro se*.

For the foregoing reasons, it is hereby ORDERED that Defendant Centurion Capital Corporation's Motion for Dismissal and to Withdraw as Counsel Due to Dissolution (Doc. # 34) is DENIED with respect to both requests for relief which it contains.

---

[3] The Court further notes that the "exhibits" to the motion are not certified documents, nor are they properly authenticated by an affidavit or declaration which comports with the requirements of Fed. R. Civ. P. 56(e). Many court have refused to consider documents submitted in support of motions for summary judgment that are not properly authenticated. Were this Court to consider the pending motion as a motion for summary judgment, it would also find that it was not a properly supported one. For this additional reason, the Court is not inclined to consider the materials attached to the motion to dismiss as exhibits and convert the motion to a motion for summary judgment pursuant to Rule 56.

The parties are advised to immediately commence *all* discovery required to prepare adequately to *present or defend* against any dispositive motion.  The deadline for such motions is rapidly approaching.  While the Court appreciates that the parties may not have been participating in active discover since the motion to dismiss was filed on March 31, 2009, the Court is expediting ruling on the motion to dismiss, in part to stem the seemingly endless flow of argument on the motion, in order to allow sufficient time for discovery without an extension of the July 10, 2009 deadline for dispositive motions.  The parties are further advised there will not be sufficient time after the dispositive motion deadline to conduct discovery necessary to defend against any motion filed on that deadline.  The standard briefing schedule on a dispositive motion allows a response with exhibits to be filed approximately two weeks after the initial dispositive motion is filed and a reply one week after the response.  No further briefs or evidentiary submissions are acceptable without proper leave of court.

DONE this the 29th day of May, 2009.

                                                /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE